1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   MATTHEW BLISS and HEATHER
    BLISS, husband and wife,
9
                        Plaintiffs,
10
           v.
11
    UTLS DEFAULT SERVICES - WA,
12  INC., et al.,
13                      Defendants.

CASE NO. C12-5610 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS AND PLAINTIFFS'
LEAVE TO AMEND

14

15      This matter comes before the Court on Defendants Bank of New York Mellon

16  ("BONY") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively

17  "Defendants") motion to dismiss (Dkt. 6). The Court has considered the pleadings filed in

18  support of and in opposition to the motion and the remainder of the file and hereby grants

19  the motion for the reasons stated herein.

20                      **I. PROCEDURAL HISTORY**

21      On June 15, 2012, Plaintiffs Matthew and Heather Bliss ("Blisses") filed a

22  complaint against numerous defendants, including BONY and MERS, in the Pierce

1  County Superior Court for the State of Washington.  Dkt. 1, ¶ 1.  The Blisses assert

2  claims for intentional misrepresentation; negligent misrepresentation; negligence;

3  violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA");

4  declaratory relief; injunctive relief; and an accounting.  Dkt. 1, Exh. B.

5       On July 17, 2012, Defendants filed a motion to dismiss.  Dkt. 6.  On July 25, 2012,

6  Defendant UTLS Default Services – WA, Inc. ("UTLS") joined Defendants' motion.

7  Dkt. 11.  On August 20, 2012, the Blisses responded.  Dkt. 14.  On August 24, 2012,

8  Defendants replied.  Dkt. 15.

## II. FACTUAL BACKGROUND

10      On September 19, 2006, the Blisses obtained certain real property in Tacoma, WA

11  ("Property") for ten whole dollars.  Dkt. 16, Exh. A ("Statutory Warranty Deed").  On

12  September 21, 2006, the Blisses signed an Adjustable Rate Note borrowing $324,720

13  from First Horizon Home Loan Corporation ("First Horizon").  *Id.*, Exh. B.  The Blisses

14  also signed a Deed of Trust securing the Property.  *Id.*, Exh. C.

15      In March of 2012 UTLS filed a Notice of Trustee Sale setting a sale date of June

16  15, 2012.  Complaint, ¶ 47.  The Blisses allege "that First Horizon promised them a loan

17  modification when they had no intention of granting one and, further that they had no

18  right to negotiate with them for a loan modification."  *Id.*, ¶ 48.

## III. DISCUSSION

20  **A.    Standard**

21      Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

22  Procedure may be based on either the lack of a cognizable legal theory or the absence of

1    sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

2    696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is

3    construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.

4    1983).  To survive a motion to dismiss, the complaint does not require detailed factual

5    allegations but must provide the grounds for entitlement to relief and not merely a

6    "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

7    *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

8    claim to relief that is plausible on its face." *Id.* at 1974.

9         In the event the court finds that dismissal is warranted, the court should grant the

10   plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

11   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

12   **B.    Defendants' Motion**

13        Defendants and UTLS move to dismiss all of the Blisses' claims with prejudice

14   and without leave to amend.  The Court will address each claim in turn.

15        **1.    Intentional Misrepresentation**

16        The Blisses assert a claim for intentional misrepresentation (Complaint, ¶¶ 49–53),

17   which they refer to as "fraud" in their response (Dkt. 14 at 7).  A plaintiff must plead all

18   nine elements of a fraud claim: (1) representation of an existing fact; (2) materiality; (3)

19   falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should

20   be acted upon by plaintiff; (6) plaintiff's ignorance of its falsity; (7) reliance on the

21   representation; (8) plaintiff's right to rely upon it; and (9) actual harm.  *See e.g., Stiley v.*

22   *Block*, 130 Wn.2d 486, 505 (1996).  These nine elements must be pled with particularity,

1   which requires that the pleading apprise defendant of the facts giving rise to the fraud

2   allegation. *Adams v. King Co.*, 164 Wn.2d 640, 662 (2008).

3        In this case, the Blisses fail to plead fraud with particularity.  It can hardly be

4   contested that, in the three paragraphs supporting the fraud claim (Complaint, ¶¶ 50–52),

5   the Blisses have set forth requisite facts to support all nine elements of fraud or properly

6   apprise Defendants of the claim.  The Court, however, cannot determine whether any

7   amendment would be futile.  Therefore, the Court grants Defendants' motion and the

8   Blisses leave to amend their fraud claim.

9        **2.      Negligent Misrepresentation**

10       To establish a negligent misrepresentation claim, a plaintiff must show that the

11   defendant negligently supplied false information the defendant knew, or should have

12   known, would guide the plaintiff in making a business decision, and that the plaintiff

13   justifiably relied on the false information.  *Van Dinter v. Orr*, 157 Wn.2d 329, 333

14   (2006).

15       In this case, the Blisses' negligent misrepresentation claim is based on

16   representations allegedly made by First Horizon.  Complaint, ¶¶ 55–57.  Therefore, the

17   Court is without authority to dismiss a claim that is not asserted against BONY or MERS.

18       **3.      Negligence**

19       The Blisses' negligence claim is supported by allegations that First Horizon did

20   not have the proper authority to collect and disburse the Blisses' payments.  Complaint,

21   ¶¶ 60–64.  Althoght the Court is not persuaded that this is a cognizable legal theory, the

22

claim is not asserted against BONY or MERS.  Therefore, the Court is without authority to dismiss a claim that is not properly asserted.

**4.     CPA**

The Blisses' CPA claim is purely labels and conclusions.  *See* Complaint, ¶¶ 66-69.  The Court, however, is unable to determine whether any amendment would be futile.  Therefore, the Court grants Defendants' motion and grants the Blisses leave to amend.

**5.     Declaratory and Injunctive Relief**

These types of relief require an underlying claim.  It appears that the Blisses' request for injunctive relief may be based on violations of the Washington Deed of Trust Act, RCW Chapter 61.24 ("DTA").  *See* Complaint, ¶ 84.  The Blisses, however, have failed to assert a stand-alone DTA claim.  Therefore, the Court grants Defendants' motion to dismiss the Blisses' claims for declaratory and injunctive relief.  If the Blisses properly amend their complaint, then they may be able to seek these types of relief.

**6.     Accounting**

This is a type of relief that requires an underlying violation.  Therefore, the Court grants Defendants' motion and dismisses the Blisses accounting claim.

**7.     UTLS's Joinder**

It appears that the Blisses only assert violations of the DTA against UTLS and challenge UTLS's authority to foreclose on their home.  Although dismissal is proper, the Court is unable to determine whether any amendment would be futile.  Therefore, the Court dismisses the Blisses' claim against UTLS and grants the Blisses leave to amend.

1

**IV. ORDER**

2          Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 6) is

3    **GRANTED.**  The Blisses may file an amended complaint consistent with this opinion no

4    later than October 17, 2012.

5          Dated this 27th day of September, 2012.

6

7

8                                          BENJAMIN H. SETTLE
                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22